UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
ROCK ISLAND DIVISION

| | |
|---|---|
| FIRST STATE BANK OF NORTHWEST ARKANSAS;<br><br>    Plaintiff,<br><br>vs.<br><br>FYRE LAKE NATIONAL LLC; GREGORY D. YATES; BLAIR M. MINTON; PAUL H. VAN HENKELUM; KEVIN P. MCKILLIP; KENNETH E. HOFFMAN, JR.; GERALD P. LEE; MIDWEST GOLF DEVELOPMENT, INC.; UNKNOWN OWNERS and NON-RECORD CLAIMANTS;<br><br>    Defendants.<br>------------------------------------------------<br>MIDWEST GOLF DEVELOPMENT, INC.<br><br>vs.<br><br>FIRST STATE BANK OF NORTHWEST ARKANSAS; FYRE LAKE NATIONAL LLC; GREGORY D. YATES; BLAIR M. MINTON; PAUL H. VAN HENKELUM; KEVIN P. MCKILLIP; KENNETH E. HOFFMAN, JR.; GERALD P. LEE; UNKNOWN OWNERS and NON-RECORD CLAIMANTS. | Case No. 12-cv-4014 |

**MIDWEST GOLF DEVELOPMENT, INC'S
MOTION FOR PARTIAL SUMMARY JUDGMENT**

Defendant/Counterplaintiff, Midwest Golf Development, Inc. ("Midwest Golf"), by its lawyers, Lane & Waterman LLP, and pursuant to Federal Rule of Civil Procedure 56 and Local Rule 7.1, submits its Motion for Partial Summary Judgment.

## INTRODUCTION

This motion for partial summary judgment is filed pursuant to Federal Rule of Civil Procedure 56 and in accordance with Local Rule 7.1.  Plaintiff seeks to foreclose its mortgage on certain real estate.  Midwest Golf holds a prior, paramount, and superior mechanics lien on the real estate pursuant to a prior contract for the construction of a golf course, labor, and related materials with Defendant, Fyre Lake National LLC, f/k/a Fyre Lake Golf Course and Marina, LLC ("Fyre Lake").  Midwest Golf requests a determination on Count I of its claim that its mechanics lien is prior, paramount, and superior to the interest of all Defendants in the real estate, except unknown owners and non-record claimants (Midwest Golf is in the process of publishing notice for unknown owners and non-record claimants and will seek a determination as to their priority at a later date).  Midwest Golf requests entry of judgment in its favor and against Fyre Lake on Count II of its claim.

## UNDISPUTED MATERIAL FACTS

1.   On July 1, 2007, Midwest Golf entered into a contract (the "Contract") with Defendant, Fyre Lake, for the construction of a golf course, labor, and related materials for the premises located at 1742 – 310th Street, Sherrard, Illinois (the "Property").  (A true and correct copy of the Contract is attached hereto as Exhibit "1").

2.   On September 30, 2009, Midwest Golf completed all work required of it under the Contract, said work having a value of $5,536,163.58.  Fyre Lake is entitled to credits in the amount of $5,252,767.25.  As of January 11, 2013, the following sums are due Midwest Golf:

**Unpaid invoices:**

| | |
|---|---|
| Invoice No. 99481 | $173,849.31 |
| Invoice No. 99491 | $109,547.02 |
| | $283,396.33 |

**Interest at the statutory rate of 12%:**

    Invoice No. 99481:    $ 69,444.42
        (Due Date 9/14/09)
        (Past Due 1,215 Days)
        (Per Diem $57.1559)

    Invoice No. 99491:    $ 42,642.23
        (Due Date 10/15/09)
        (Past Due 1,184 Days)
        (Per Diem $36.0154)

                              $112,086.65

**Lien Expenses:**

    Attorney fees and costs:

        Cannonito & Associates:    $ 2,092.50
        Lane & Waterman LLP:    $ 3,816.59

    UPS charge to file lien    $ 55.11
                                  $ 5,964.20

**TOTAL:**    **$401,447.18**

Midwest Golf has incurred additional attorney fees and costs that will be paid to its counsel after January 13, 2013, which fees will be added to the balance as they are paid. Midwest Golf will incur additional attorney fees and costs in bringing this action to a conclusion.

    3.    On January 28, 2010, Midwest Golf recorded a Contractor's Claim for Lien in the office of the Recorder of Mercer County Illinois as Document No. 367068, asserting a mechanics lien against the Property. (A true and correct copy of the Contractor's Claim for Lien is attached hereto as Exhibit "2").

    4.    On June 28, 2011, Country Bank commenced this mortgage foreclosure action as Case No. 2011 CH 26 in the Circuit Court of the Fourteenth Judicial District, Mercer County, Illinois. (Docket No. 1).

5.     On August 15, 2011, Midwest Golf filed its Answer, Affirmative Defenses, and Counterclaim, asserting an interest in the Property that is prior, paramount, and superior to all others (named parties, unknown owners, and non-record claimants) by virtue of its mechanics lien.  (Docket No. 2).

6.     On November 14, 2011, the Circuit Court entered an order substituting the Federal Deposit Insurance Corporation ("FDIC") as receiver for Country Bank as Plaintiff. (Docket No. 1).

7.     On January 27, 2012, the FDIC removed the case to this Court.  The sole basis for removal was the FDIC's involvement as a party.  (Docket No. 1).

8.     On November 5, 2012, this Court entered an order substituting First State Bank of Northwest Arkansas for the FDIC as Plaintiff.

## ARGUMENT

The elimination of the FDIC as a party does not divest this Court of subject matter jurisdiction.  *F.D.I.C. v. Mudd*, 704 F. Supp. 2d 822, 824-826 (N.D. Ill. 2010).

**A.    Summary Judgment Standards.**

"Summary judgment procedure is properly regarded not as a disfavored procedural shortcut, but rather as an integral part of the Federal Rules as a whole, which are designed 'to secure the just, speedy and inexpensive determination of every action.' " *Celotex Corp. v. Catrett*, 477 U.S. 317, 327, 106 S. Ct. 2548, 91 L. Ed. 2d 265 (1986) (quoting Fed. R. Civ. P. 1). The Court shall grant a motion for summary judgment if there is no genuine issue of material fact and the moving party is entitled to a judgment as a matter of law.  Fed. R. Civ. P. 56(c).

Once a party has filed a properly supported motion for summary judgment, the opposing party must come forth with admissible evidence and specific facts showing a genuine issue for

trial.  Fed. R. Civ. P. 56(e); *Trade Finance Partners, LLC v. AAR Corp.*, 573 F.3d 401, 407 (7th Cir. 2009) ("inferences relying on mere speculation or conjecture will not suffice").  The mere existence of a scintilla of evidence is insufficient;  there must be evidence on which a fact finder could reasonably find in favor of the party opposing the motion.  *Delta Consulting Group, Inc. v. R. Randle Const., Inc.*, 554 F.3d 1133, 1137 (7th Cir. 2009).

**B.**    **Midwest Golf Holds A Prior, Paramount, and Superior  Lien On The Property.**

Midwest Golf need only satisfy four requirements to establish its right to a mechanics lien:  (1) a valid contract, (2) with the owner of the property or its agent or someone who is knowingly permitted by the owner to contract for improvements, (3) for the furnishing of services or materials, and (4) performance of the contract or a valid excuse for nonperformance.  *Doornbos Heating & Air Conditioning, Inc. v. James D. Schlenker, M.D., S.C.*, 403 Ill. App. 3d 468, 483, 932 N.E.2d 1073, 1088 (1 Dist. 2010).  Midwest Golf has a valid contract (Exhibit 1) with the owner or its agent or someone who is knowingly permitted by the owner to contract for improvements (Fyre Lake) for the furnishing of services or materials (the construction of a golf course) and Midwest Golf has performed under the contract.  The four requirements are satisfied by the undisputed facts set forth above and set forth in Midwest Golf's supporting affidavit.  Midwest Golf need only then show proper perfection of its lien through compliance with the Illinois Mechanics Lien Act.  *Cordeck Sales, Inc. v. Constr. Sys., Inc.*, 382 Ill. App. 3d 334, 357, 887 N.E.2d 474, 500 (1 Dist. 2008).

In order to perfect its mechanics lien and establish the priority of its lien over all liens arising subsequent to the date of the Contract, Midwest Golf need only (1) file a verified mechanics lien claim in the county recorder's office within four months after completion of the contract (770 ILCS 60/7), and (2) file a complaint or counterclaim to enforce its lien within two

years after completion of the contract. (770 ILCS 60/9). Midwest Golf filed a verified mechanics lien claim in the Mercer County Recorder's office within four months after completion of the Contract. (Exhibit 2). Midwest Golf filed a counterclaim to enforce its mechanics lien within two years after completion of the Contract. (Docket No. 2). The two requirements are satisfied by the undisputed facts set forth above.

Section 1 of the Illinois Mechanics Lien Act provides that a mechanics lien "attaches as of the date of the contract." 770 ILCS 60/1. Thus, it is an elementary principle of Illinois law that where the date of the mechanics lien holder's contract precedes the recording of the mortgage, the mechanics lien holder "has an absolute priority both as to land and improvements" despite the mechanics lien being recorded after the mortgage. *Detroit Steel Products Co. v. Hudes*, 17 Ill. App. 2d 514, 519, 151 N.E.2d 136, 138 (4 Dist. 1958) ("There being no dispute but that the materialman's contract antedated the mortgage recording … the entire claim of the materialman, properly perfected in accordance with the statute, has an absolute priority both as to land and improvements."). Midwest Golf's Contract precedes the recording of Plaintiff's mortgage and therefore Midwest Golf's mechanics lien is prior, paramount, and superior to Plaintiff's mortgage and the claims of all other parties.

There is no genuine issue of any material fact regarding Midwest Golf's right to a mechanics lien nor to the priority of Midwest Golf's mechanics lien. Partial summary judgment should be entered in favor of Midwest Golf and against the other parties.

C.  **Fyre Lake Has Breached The Contract.**

"The elements of a breach of contract claim are: (1) the existence of a valid and enforceable contract; (2) performance by the plaintiff; (3) breach of contract by the defendant; and (4) resultant injury to the plaintiff." *Timan v. Ourada*, 2012 IL App (2d) 100834, 972

N.E.2d 744, 751 (2 Dist. 2012). Midwest Golf has a valid and enforceable contract with Fyre Lake. (Exhibit 1). Midwest Golf has performed under the Contract and Fyre Lake has breached the Contract by failing to make payment when due. Midwest Golf has been injured by Fyre Lakes failure to pay. There is no genuine issue of any material fact regarding the existence of a contract, Midwest Golf's performance, Fyre Lake's failure to perform, or Midwest Golf's damages. Summary judgment should be entered in favor of Midwest Golf and against Fyre Lake.

**LANE & WATERMAN LLP**

By:   */s/ Douglas R. Lindstrom, Jr.*
       Douglas R. Lindstrom, Jr., ARDC #6291748
       220 N. Main Street, Suite 600
       Davenport, IA  52801
       Telephone:  (563) 324-3246
       Facsimile:  (563) 324-1616
       E-Mail:  dlindstrom@l-wlaw.com

**ATTORNEYS FOR DEFENDANT/
COUNTERPLAINTIFF MIDWEST GOLF
DEVELOPMENT, INC.**

### CERTIFICATE OF SERVICE

On this ___16th___ day of _____January_____, 2013, the document to which this Certificate is attached was served upon the parties via the Court's electronic noticing system.

       */s/ Douglas R. Lindstrom, Jr.*

### CERTIFICATE OF COMPLIANCE

This document complies with the type volume limitation of Local Rule 7.1(B)(4) because this document contains 925 words, excluding those portions of the document exempted by Local Rule 7.1(D)(5).

       */s/ Douglas R. Lindstrom, Jr.*