E-FILED
Wednesday, 25 September, 2013  05:00:52 PM
Clerk, U.S. District Court, ILCD

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
ROCK ISLAND DIVISION

| | |
|---|---|
| FLGC, LLC., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 4:12-cv-4014-SLD-JAG |
| | ) |
| FYRE LAKE NATIONAL LLC; | ) |
| GREGORY D. YATES; BLAIR M. | ) |
| MINTON; PAUL H. VAN HENKELUM; | ) |
| KEVIN P. MCKILLIP; KENNETH E. | ) |
| HOFFMAN, JR.; GERALD P. LEE; | ) |
| MIDWEST GOLF DEVELOPMENT, INC.; | ) |
| UNKNOWN OWNERS and NON- | ) |
| RECORDED CLAIMANTS, | ) |
| | ) |
| Defendants. | ) |
| | ) |
| MIDWEST GOLF DEVELOPMENT, INC. | ) |
| | ) |
| Counter Claimant, | ) |
| | ) |
| v. | ) |
| | ) |
| FLGC, LLC. | ) |
| | ) |
| Counter Defendant. | ) |

ORDER

Presently before the Court is Midwest Golf Development, Inc.'s Motion for Partial Summary Judgment, ECF No. 40. In it, Midwest Golf seeks (1) a determination on Count I of its claim that its mechanics lien is prior, paramount, and superior to the interest of all Defendants in the real estate, except unknown owner and non-record claimants and (2) judgment in its favor and against Fyre Lake on Count II of its claim for breach of contract.

Despite several extensions of time to respond, no party has filed an opposition. *See* 2/12/2013 Text Order; 3/5/2013 Text Order; Order, ECF No. 50. Pursuant to Local Rule

1

7.1(D)(2), Midwest Golf's motion is therefore deemed admitted. The Court therefore GRANTS Midwest Golf's Motion for Partial Summary Judgment. The Court also grants the motion for the additional reason that it is well supported, as will now be explained.

## DISCUSSION

Summary judgment is appropriate when "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The Court has jurisdiction over this case even though the FDIC is no longer the plaintiff. *See F.D.I.C. v. Mudd*, 704 F. Supp. 2d 822, 824-26 (N.D. Ill. 2010).

**I.   Midwest Golf's Mechanics Lien is Prior, Paramount, and Superior**

Midwest Golf must establish its mechanics lien, that it perfected its mechanics lien, and establish the priority of its mechanics lien. First, to establish it mechanics lien, Midwest Golf must show: "(1) the lien claimant had a valid contract; (2) with the property owner, the owner's agent, or somebody authorized by the owner to contract for property improvements; (3) to furnish labor services or materials; and (4) the lien claimant performed pursuant to the contract or had a valid excuse for its nonperformance." *Doornbos Heating & Air Conditioning, Inc. v. Schlenker*, 932 N.E.2d 1073, 1088 (Ill. App. 2010). In this case, Midwest Golf has provided its contract with Frye Lake, which states that Midwest Golf shall furnish services and materials in the way of construction of a golf course. *See* ECF No. 40-2.[1] Midwest Golf further offers an affidavit by its President that swears that Midwest Golf completed all work under the contract on September 30, 2009. ECF No. 40-1. Accordingly, Midwest Golf established its mechanics lien.

Second, Midwest Golf must show that it perfected its mechanics lien. It can do this by (1) filing a verified mechanics lien claim in the office of the recorder of the county within four

---

[1] The contract is in the name of Golf Creations. ECF No. 40-2. Midwest Golf does business as Golf Creations. *See* ECF No. 40-3.

months after completion of the work, see 770 ILCS 60/7, and (2) filing a complaint to enforce its lien within two years after completion of the contract, 770 ILCS 60/9. *See Norman A. Koglin Assocs. V. Valenz Oro, Inc.*, 680 N.E.2d 283, 286 (Ill. 1997). In this case, Midwest Golf filed a verified mechanics lien claim within four months by filing on January 28, 2010. *See* ECF No. 40-3. It also filed its lawsuit (in this case a counterclaim) within two years by filing on August 15, 2011. *See* ECF No. 2. Accordingly, Midwest Golf perfected its mechanics lien.

Finally, Midwest Golf must establish the priority of its mechanics lien. A mechanics lien attaches as of the date of the contract. 770 ILCS 60/1. The contract date in this case is July 1, 2007. ECF No. 40-3. The effective date of a mortgage is the date of its recording. *State Bank of Lake Zurich v. Winnetka Bank, Inc.*, 614 N.E.2d 862, 865. (Ill. App. 1993). The plaintiff's mortgage was recorded on June 8, 2009. *See* ECF No. 1-2. When a mechanics lien attaches before a mortgage is recorded, the mechanics lien has priority. *See Detroit Steel Prods. Co. v. Hudes*, 151 N.E.2d 136, 138 (Ill. App. 1958). According, Midwest Golf's mechanics lien has priority.

## II. Fyre Lake Breached its Contract with Midwest Golf

Midwest Golf moves for summary judgment on its breach of contract claim against Fyre Lake. To establish a breach of contract claim, Midwest Golf must show: "(1) the existence of a valid and enforceable contract; (2) performance by the plaintiff; (3) breach of contract by the defendant; and (4) resultant injury to the plaintiff." *Henderson-Smith & Assocs. v. Nahamani Family Service Center*, 752 N.E.2d 33, 43 (Ill. App. 2001). Midwest Golf has made such a showing by filing its contract with Fyre Lake as well as the unrebutted affidavit of its President. *See* ECF Nos. 40-2, 40-3.   Midwest Golf is therefore entitled to summary judgment on this issue.

## CONCLUSION

Midwest Golf Development, Inc.'s Motion for Partial Summary Judgment, ECF No. 40, is GRANTED.


Entered this 25th day of September, 2013.

s/ Sara Darrow
SARA DARROW
UNITED STATES DISTRICT JUDGE
