**E-FILED**
Friday, 25 October, 2013  02:51:46 PM
Clerk, U.S. District Court, ILCD

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
ROCK ISLAND DIVISION

| | | |
|---|---|---|
| FLGC, LLC; | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Case No. 12-cv-4014 |
| vs. | ) | |
| | ) | |
| FYRE LAKE NATIONAL LLC; GREGORY | ) | |
| D. YATES; BLAIR M. MINTON; PAUL H. | ) | |
| VAN HENKELUM; KEVIN P. MCKILLIP; | ) | |
| KENNETH E. HOFFMAN, JR.; GERALD P. | ) | |
| LEE; MIDWEST GOLF DEVELOPMENT, | ) | |
| INC.; UNKNOWN OWNERS and NON- | ) | |
| RECORD CLAIMANTS; | ) | |
| | ) | |
| Defendants. | ) | |
| ------------------------------------------------------- | ) | |
| MIDWEST GOLF DEVELOPMENT, INC. | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| FLGC, LLC; FYRE LAKE NATIONAL LLC; | ) | |
| GREGORY D. YATES; BLAIR M. | ) | |
| MINTON; PAUL H. VAN HENKELUM; | ) | |
| KEVIN P. MCKILLIP; KENNETH E. | ) | |
| HOFFMAN, JR.; GERALD P. LEE; | ) | |
| UNKNOWN OWNERS and NON-RECORD | ) | |
| CLAIMANTS. | ) | |
| | ) | |
| | ) | |
| | ) | |

## MIDWEST GOLF DEVELOPMENT, INC'S RESPONSE TO FLGC'S MOTION TO AMEND OR ALTER JUDGMENT AND/OR ENFORCE AGREEMENT

Defendant/Counterplaintiff, Midwest Golf Development, Inc. ("Midwest Golf"), by its

lawyers, Lane & Waterman LLP, and for its Response to FLGC, LLC's Motion to Amend or

Alter Judgment and/or to Enforce Agreement, states:

1.      On January 16, 2013, Midwest Golf filed a motion for partial summary judgment asking the Court to declare (a) Midwest Golf's mechanics lien is a first lien on the real estate with respect to all defendants except unknown owners and nonrecord claimants, and (b) Fyre Lake National, LLC breached the parties' contract.  (Docket No. 40).

2.      On February 11, 2013, Blair Minton ("Blair") requested an extension of time to respond to Midwest Golf's motion.  (Docket No. 42).

3.      On February 12, 2013, the Court granted Blair's motion and extended his deadline to seven days after FLGC, LLC ("FLGC") files an appearance or March 4, 2013.

4.      On February 27, 2013, FLGC entered an appearance.  (Docket No. 43).

5.      On March 4, 2013, FLGC and Blair requested an extension of time to respond to Midwest Golf's motion.  (Docket Nos. 44, 45).

6.      On March 5, 2013, the Court granted FLGC and Blair's motion and extended their deadline to April 3, 2013.

7.      On April 3, 2013, FLGC and Blair requested an extension of time to respond to Midwest Golf's motion.  (Docket Nos. 48, 49).

8.      On April 16, 2013, the Court granted FLGC and Blair's motion and extended their deadline to May 17, 2013.

9.      On May 17, 2013, Midwest Golf and FLGC agreed Midwest Golf would release its mechanics lien and dismiss its claim with prejudice if FLGC paid Midwest Golf the sum of $275,000 by May 31, 2013.  (Exhibit A, p.1).

10.     FLGC did not pay Midwest Golf by May 31, 2013.  (Exhibit A, p.11).

11.     On June 12, 2013, FLGC's counsel sent an email to Midwest Golf's counsel stating: "While we are working diligently to resolve the other liens to finalize the financing, we suggest a penalty of $3500 for June.  We can revisit that issue if the financing doesn't come in by June 30."  (Exhibit A, p.2).

12.     That same day, Midwest Golf's counsel responded to FLGC's counsel with an email stating: "We agree to adding $3,500 to the $275,000 if we are not paid by the end of June.  However, we would like to be paid sooner rather than later.  Penalties do not put money in our hand.  Of course, if we are never paid then we will proceed with foreclosure of our lien." (Exhibit A, p.2).

13.     FLGC did not pay Midwest Golf by June 30, 2013.  (Exhibit A, p.11).

14.     On July 15, 2013, Midwest Golf's counsel sent an email to FLGC's counsel inquiring as to the status of payment.  (Exhibit A, p.3).

15.     That same day, FLGC's representative, Todd Raufeisen ("Todd"), responded with an email stating: "We are waiting for the two remaining liens to be dissolved through foreclosure, our bank will not release funds until clean title - those are being handled by Arkansas State Bank and Thomas Brett."  (Exhibit A, p.3).

16.     On July 15, 2013 and August 6, 2013, Midwest Golf's counsel sent emails to attorney Thomas Brett and inquired as to the status of the two liens, but received no response. (Exhibit A, pp.4-5).

17.     On September 13, 2013 and September 17, 2013, Midwest Golf's counsel sent an email to FLGC's counsel inquiring as to the status of the matter.  (Exhibit A, pp.6-7).

18.     On September 17, 2013, Todd responded with an email stating: "We have a conference call later this week to review.  Dale will be in touch."  (Exhibit A, p.7).

19.     On September 25, 2013, the Court granted Midwest Golf's motion for summary judgment.  (Docket No. 51).

20.     On October 16, 2013, Midwest Golf's counsel sent an email to FLGC's counsel inquiring as to the status of the matter.  (Exhibit A, p.7).

21.     On October 19, 2013, FLGC's counsel sent an email to Midwest Golf's counsel essentially stating they are working on it.  (Exhibit A, p.7).

22.     On October 21, 2013, FLGC's counsel sent a letter by email to Midwest Golf's counsel asking for confirmation that the parties' agreement is still in place despite the judgment entered on September 25th.  (Exhibit A, pp.8-10).

23.     That same day, Midwest Golf's counsel sent an email to FLGC's counsel stating: "Thank you for the letter and the update.  FLGC promised $275,000 by May 31st but we were not paid.  FLGC then promised another $3,500 if we were not paid by June 30th and we were not paid.  As far as we are concerned, there is no deal until we are paid and therefore the judgment either needs to be (1) left in place with a covenant against enforcement until a specific event, or (2) set aside.  Let me know."  (Exhibit A, p.11).

24.     On October 24, 2013, FLGC filed the pending motion.  (Docket No. 52).

WHEREFORE, Midwest Golf Development, Inc. respectfully requests the Court deny FLGC, LLC's motion because there is no legally enforceable agreement, and provide such other and further relief as the Court deems just and appropriate in the circumstances.

**LANE & WATERMAN LLP**

By: ____ */s/ Douglas R. Lindstrom, Jr.* _____
       Douglas R. Lindstrom, Jr., ARDC #6291748
       220 N. Main Street, Suite 600
       Davenport, IA  52801
       Telephone:  (563) 324-3246
       Facsimile:  (563) 324-1616
       E-Mail:  dlindstrom@l-wlaw.com

**ATTORNEYS FOR DEFENDANT/
COUNTERPLAINTIFF MIDWEST GOLF
DEVELOPMENT, INC.**

<u>**CERTIFICATE OF SERVICE**</u>

     On this _____25th_____ day of _____October_____, 2013, the document to which this Certificate is attached was served upon the parties via the Court's electronic noticing system.

                            __*/s/ Douglas R. Lindstrom, Jr.* _____